DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*                            .
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

ROYAL BLUE REALTY HOLDINGS, INC.

                         Debtor.
-------------------------------------------------------------X

Chapter 11
Case No. 21-10802(LGB)

## DECLARATION OF ANDREW NICHOLS PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

ANDREW NICHOLS, under penalties of perjury, hereby declares and states as follows:

1.      I am the Chief Restructuring Officer of the above captioned debtor (the "Debtor") and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## PART I

## <u>BACKGROUND</u>

2.      On or around 1999, the Debtor was formed to acquire title to the commercial unit

(the "Commercial Unit") of the 130 Barrow Street Condominium located at 162-174 Christopher

Street, New York, New York (the "Barrow Condo").

3.      At the time of the Debtor's formation, it was 100% owned by the Serge Souto

Family Limited Partnership, which was in turn 98% owned by the Serge Souto Irrevocable

Intervivos Trust, 1% owned by John Souto, Serge's son, as a limited partner, and 1% owned by

Serge Souto Equities, Inc. as the general partner, which was in turn 100% owned by John Souto.

4.      When the Barrow Condo was formed, neither its original offering plan, nor any of

its subsequent 15 amendments, ever included the Commercial Unit, which was apparently

retained by the sponsor as commercial space outside of the offering.

5.      On behalf of the Debtor, John Souto then obtained 12 separate tax lot numbers for

the Commercial Unit.  After obtaining such numbers, he then filed 3 amendments to the Barrow

Condo Declaration, attempting to create 12 individual residential condos units - one for each tax

lot within the Commercial Unit.

6.      John Souto also prepared an amendment to the 130 Barrow Street condo plan and

a new, separate offering plan to sell the 12 units. Both were rejected by the NYS Attorney

General's Office.

7.      Based on the foregoing, at no time from inception of the 130 Barrow Street

Condominium to present has an offering plan or any amendment ever been accepted for filing by

the New York State Attorney General's Office permitting the sale of all or any part of the

2

Commercial Units (including the 12 tax lots comprising the same).  In addition, at no time has

the Commercial Unit ever been subdivided into legal condominium units due to John Souto's

failure to comply with the provisions of Section 339 of the NY RPL governing creation of legal

condominium units.

8.      In June 2005, the Debtor and Serge Souto ("Serge"), as co-borrowers, entered into

12 consolidated loans (the "2005 CEMAS") with American Home Mortgage Acceptance, Inc.,

("AHMA") as alleged assignee of the existing notes and mortgages of Washington Mutual

Savings Bank ("Wamu"), and all of the loan docs were signed for Serge Souto by John Souto per

a power of attorney. The 2005 CEMAS described the loans as "residential" and the properties as

condominiums.

9.      In September 2006, the Debtor and Serge refinanced with the 2005 CEMAS with

12 new consolidated loans (the "2016 CEMAS") for about $12,000,000.00 from American

Home Mortgage ("AHM"). AHM ended up in bankruptcy in or about 2007, and the notes and

mortgages were allegedly assigned to two, pass-through mortgage trusts formed by AHM with

Deutsche Bank as trustee: the American Home Mortgage Assets Trust 2007-1, Mortgaged-

Backed Passthrough Certificates Series 2007-1 (the "2007 Trust") and the American Home

Mortgage Assets Trust 2006-6, Mortgaged-Backed Passthrough Certificates Series 2006-6 (the

"2006 Trust"; the 2007 and 2006 Trusts being collectively referred to as the "Trusts").

10.     All the loan documents for the 2016 CEMAS, to the extent actually executed,

were purportedly signed by John Souto as vice president of the Debtor and as attorney in fact for

Serge per a purported power of attorney.

11.     At the time of both loans, Serge was living in an Alzheimer's facility and had

3

little to no capacity. On or about January 2007, Serge Souto passed away.

12.     Deutsche Bank National Trust Company (the "Trustee") is the trustee of the Trusts, as can be seen in the bankruptcy filings for AHM. The Trustee or its affiliate was also making warehouse loans that allowed AHM to make and package the loans for the trusts, which the Trustee or its affiliate underwrote.

13.     The Trustee alleged the Debtor stopped making payments to AHM, and in 2009 and 2010, Trustee commenced 11 foreclosure actions, and in or about 2016, Trustee commenced a 12th action.

14.     It is the Debtor's belief that since there were no condo units, and no offering plan permitting the sale of all or any part of the Commercial Unit, it would be illegal to sell anything at a foreclosure sale, and the Trustee's mortgages are, therefore,  unenforceable.

15.     About 7 to 8 of the loans were supposedly transferred by AHM to 2007 Trust, and the 2006 Trust. In 7 of these cases, the Trustee could not produce the original notes and instead submitted lost note affidavits to the Court, but I do not believe any of the original notes were legally assigned from AHMAI to AHM, or from AHM to the trusts prior to the commencement of the foreclosures.

16.     In 2015, the Debtor made summary judgement motions to dismiss 4 of the foreclosure actions based on statute of limitation grounds, and succeeded in 3 of those cases, resulting in 3 of the foreclosure actions being terminated and mortgages expunged of record for apartments 170, 174, and TH3.

17.     There are still currently 9 foreclosure actions pending against the other 9 tax lots within the Commercial Unit, and a receiver was appointed in March 2021.

4

18.     In 2012, the Debtor entered into a net lease (the "Lease") of the entire Commercial Unit with 174 Christopher Corporation ("174 Christopher Corp."), an entity purportedly owned and/or controlled by Neil Dansker.

19.     In May 2013, John Souto passed away, leaving his entire estate to my sister. We submitted the estate to probate and my sister was appointed executor and trustee.

20.     As a result of these events, we appointed John Ghedini, the Debtor's accountant and bookkeeper, as a vice president of the Debtor for purposes of signing documents since my sister wanted nothing to do with the operations of the Debtor. It is expected that John Ghedini will continue to act for the Debtor as bookkeeper/accountant during the bankruptcy proceeding.

21.     In 2015, 174 Christopher Corp. assigned the Lease to Comm-U LLC ("Comm-U").

22.     Comm-U is an entity I formed in Florida, managed by my mother, with a single member named N-Fam LLC ("N-Fam"). N-Fam is owned by my sister and my three grown children.

23.     I am the sole manager of N-Fam and its Class A member (with no economic interest).

24.     In 2017, and after three of Trustee's foreclosure cases were dismissed and its mortgages expunged, the Lease was modified to create a separate lease (the "C-3 Lease") for the three free and clear tax lots.  The Lease now only covers the 9 lots which Trustee is seeking to foreclose.  Comm-U has, therefore, been acting as the lessee of the subject property since December 2015. Comm-U has been entering into all leases, and collecting rents for the 12 apartments.

5

25.     Comm-U pays certain real estate taxes and all condo charges and insurance for the Commercial Unit.  It also pays Debtor for the services of Alberto Duran, the Debtor's full-time super for the property. Comm-U also pays fixed rent to the Debtor of approximately $102,000 a year (in fixed installments of $6,500 per month, of which, approximately $4,875 of this amount is for the 9 tax lots under the receivership), with annual catch-ups for shortfalls and credits for certain payments made by Comm-U on the Debtor's behalf.

26.     The Debtor materially disputes the remaining 9 mortgages on multiple grounds, including defects in pertinent documents, gaps in the chain of tile, inability to foreclose and other issues as set forth and pending in the state court foreclosure actions.  The Debtor intends to complete the adjudication and/or resolution of its claims and defenses with the Trustee as the basis for a plan of reorganization and intends to reorganize and not liquidate in the Chapter 11 proceedings by assuming its lease(s) with Comm-U for the entire Commercial Unit.

27.     The Debtor will utilize the Chapter 11 process to restructure its debt, seek out new capital and liquidate the claims of the creditors so that a Plan of Reorganization can be filed within a reasonable amount of time.  The Debtor is confident that proceeding in Chapter 11 is in the best interest of the Debtor, its estate, and the creditors as a whole.

28.     The needs and interests of the Debtor's creditors will best be served by the continued possession of their property and management of their affairs as debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II

### INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

11.    In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires

certain information related to the Debtor, which is set forth below.

### Local Rule 1007-2(a)(1)

12.    The Debtor's principal assets are located at 162-174 Christopher Street, New

York, NY 10014. The Debtor is managed through Integrated Total Solutions, Inc., 801 Brickell

Avenue, Suite 900, Miami, FL 33131. The Debtor owns a subdivided unit, located at 162-174

Christopher Street, New York, NY 10014, with 12 residential apartments. Of the 12 apartments,

9  are subject to disputed mortgages held by the Trusts with Trustee as the trustee.

### Local Rule 1007-2(a)(2)

13.    This case was not originally commenced under Chapter 7 or 13 of title 11 of the

United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

### Local Rule 1007-2(a)(3)

14.    Upon information and belief, no committee was organized prior to the order for

relief in this Chapter 11 case.

### Local Rule 1007-2(a)(4)

15.    A list of the names and addresses of the Debtor's 20 largest unsecured claims,

excluding those who would not be entitled to vote at a creditors' meeting and creditors who are

"insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as

**Schedule I**.

7

**Local Rule 1007-2(a)(5)**

16.     A schedule of the Debtor's 5 largest secured creditors is annexed hereto as

**Schedule II**.

**Local Rule 1007-2(a)(6)**

17.     A summary of the Debtor's consolidated assets and liabilities is annexed hereto as

**Schedule III.**

**Local Rule 1007-2(a)(7)**

18.     There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

**19.**     Nine of the twelve apartments owned by the Debtor are secured by disputed

mortgages held by the American Home Mortgages Trusts 2007-1 and 2006-6 with Deutsche

Bank as the trustee.

**Local Rule 1007-2(a)(9)**

20.     The Debtor leases its subdivided unit at 162-174 Christopher Street, New York,

NY 10014 to Comm-U pursuant to two leases.  Comm-U in turn leases the 12 units to various

individual residential tenants.

**Local Rule 1007-2(a)(10)**

21.     The Debtor's books and records and substantial assets are located at the Debtor's

office at c/o Integrated Total Solutions, Inc., 801 Brickell Avenue, Suite 900, Miami, FL 33131.

**Local Rule 1007-2(a)(11)**

22.     The only litigation outstanding with the Debtor are (1) the 9 remaining foreclosure

actions with the Trustee and (2) a lawsuit commenced by the Debtor against its former insurance

8

carrier.

**Local Rule 1007-2(a)(12)**

23.     The Debtor is currently managed by Andrew Nichols as Chief Restructuring

Officer.

**Local Rule 1007-2(b)(1) and (2)**

24.     The Debtor currently has a single employee, Alberto Duran, who is paid

approximately $1,100 a week.

25.     The Debtors' estimated gross weekly payroll and payments to managers, members,

and directors for the thirty (30) day period following the Chapter 11 petition is 0.

26.     The Debtor's estimated payroll to non-manager/non-insider employees for the

thirty (30) day period following the Chapter 11 petition is approximately $4,500.

**Local Rule 1007-2(b)(3)**

27.     A schedule, for the 30-day period following the filing of the chapter 11 petition, of

estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables

expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

**CONCLUSION**

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is

true and correct.

Dated: April 26, 2021

/s/_____

Andrew Nichols

9

SCHEDULE I

CONSOLIDATED 20 LARGEST UNSECURED CREDITORS

See attached

<table>
<tr><td colspan="3">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor name</td><td colspan="2">Royal Blue Realty Holdings, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td colspan="2">SOUTHERN DISTRICT OF NEW YORK</td></tr>
<tr><td>Case number (if known):</td><td colspan="2">_____</td></tr>
</table>

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 130 Barrow Street C/O New Bedford Management 210 E. 23rd St. 5th Floor New York, NY 10010 | | | Disputed | | | $7,469.00 |
| Alberto Duran-Anaya 550 40th Street Apt. 4D Brooklyn, NY 11232 | | | Disputed | | | $1,145.00 |
| Cornicello Tendler & Baumel-Cornicello Two Wall Street 20th Floor New York, NY 10005-2072 | | | Disputed | | | $78,580.56 |
| Deutsche Bank National Trust Company C/O Ocwen Loan Servicing, LLC 1661 Worthington Road Suite 100 West Palm Beach, FL 33409 | | | Unliquidated Disputed | $11,024,064.00 | Unknown | Unknown |
| Gilbert and/or Victoria DiLucia | | Junior mortgage | Unliquidated Disputed | $205,000.00 | $0.00 | $205,000.00 |
| Integrated Total Solutions, Inc. 801 Brickell Ave. Eight Floor Miami, FL 33131 | | | Disputed | $78,580.56 | $0.00 | $78,580.56 |
| JAG Accounting 21 Round Lane Levittown, NY 11756 | | | Disputed | | | $225.00 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor    **Royal Blue Realty Holdings, Inc.**                                    Case number *(if known)*
　　　　　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Jesse Herman 400 West Christopher Streete New York, NY 10014** | | | **Disputed** | **$4,300.00** | **$0.00** | **$4,300.00** |
| **Jordan Buttorff 1720 Gulf Blvd. Belleair Beach, FL 33786** | | | **Disputed** | **$64,127.49** | **$0.00** | **$64,127.49** |
| **SBA Small Business Administration 14925 Kingsport Road Fort Worth, TX 76155-2243** | | | | | | **$37,900.00** |
| **SBA Small Business Administration 14925 Kingsport Road Fort Worth, TX 76155-2243** | | | | | | **$25,495.00** |
| **Sing Yu International Inc. d/b/a Sy Marble & Granite Importors Two Rector Street Suite 2104 New York, NY 10006** | | | **Disputed** | | | **$49,400.44** |
| **Thomas G. Haskins 34 Desbetosses St., Apt. 800 New York, NY 10013** | | | **Disputed** | **$3,587.63** | **$0.00** | **$3,587.63** |

## SCHEDULE II

## FIVE LARGEST SECURED CREDITORS

## SEE ATTACHED

**Fill in this information to identify the case:**

Debtor name **Royal Blue Realty Holdings, Inc.**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206D
# Schedule D: Creditors Who Have Claims Secured by Property
12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:   List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1 Deutsche Bank National Trust Company**<br>Creditor's Name<br>**C/O Ocwen Loan Servicing, LLC**<br>**1661 Worthington Road**<br>**Suite 100**<br>**West Palm Beach, FL 33409**<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br>**September 21, 2006**<br>Last 4 digits of account number | Describe debtor's property that is subject to a lien<br><br>Describe the lien<br>**Mortgages**<br>Is the creditor an insider or related party?<br>■ No<br>☐ Yes<br>Is anyone else liable on this claim?<br>■ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H) | **$11,024,064.00** | **Unknown** |
| Do multiple creditors have an interest in the same property?<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>■ Unliquidated<br>■ Disputed | | |
| **2.2 Gilbert and/or Victoria DiLucia**<br>Creditor's Name<br><br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>Last 4 digits of account number | Describe debtor's property that is subject to a lien<br>**Junior mortgage**<br><br>Describe the lien<br><br>Is the creditor an insider or related party?<br>■ No<br>☐ Yes<br>Is anyone else liable on this claim?<br>■ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H) | **$205,000.00** | **$0.00** |

Debtor   **Royal Blue Realty Holdings, Inc.**      Case number *(if known)* _____
<br>Name

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ■ Unliquidated |
| | ■ Disputed |

---

**2.3** | **Integrated Total Solutions, Inc.** | Describe debtor's property that is subject to a lien | $78,580.56 | $0.00
<br>Creditor's Name

**801 Brickell Ave.**
**Eight Floor**
**Miami, FL 33131**
<br>Creditor's mailing address

Describe the lien
**Judgment (via assignment)**
**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ■ Disputed |

---

**2.4** | **Jesse Herman** | Describe debtor's property that is subject to a lien | $4,300.00 | $0.00
<br>Creditor's Name

**400 West Christopher**
**Streete**
**New York, NY 10014**
<br>Creditor's mailing address

Describe the lien

**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ■ Disputed |

---

**2.5** | **Jordan Buttorff** | Describe debtor's property that is subject to a lien | $64,127.49 | $0.00
<br>Creditor's Name

**1720 Gulf Blvd.**
**Belleair Beach, FL 33786**
<br>Creditor's mailing address

Describe the lien

---

Debtor   **Royal Blue Realty Holdings, Inc.**
_____   Case number (if known) _____
Name

| | Is the creditor an insider or related party? |
|---|---|
| _____ | ■ No |
| Creditor's email address, if known | ☐ Yes |
| | Is anyone else liable on this claim? |
| **Date debt was incurred** | ■ No |
| | ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |
| **Last 4 digits of account number** | |
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ■ Disputed |

---

| 2.6 | **Thomas G. Haskins** | Describe debtor's property that is subject to a lien | $3,587.63 | $0.00 |
|---|---|---|---|---|

| Creditor's Name | |
|---|---|
| **34 Desbetosses St., Apt. 800** | |
| **New York, NY 10013** | |
| Creditor's mailing address | Describe the lien |
| | _____ |
| | Is the creditor an insider or related party? |
| _____ | ■ No |
| Creditor's email address, if known | ☐ Yes |
| | Is anyone else liable on this claim? |
| **Date debt was incurred** | ■ No |
| | ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |
| **Last 4 digits of account number** | |
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ■ Disputed |

---

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.   | $11,379,659.68 |

**Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Bryan Cave Et Al.** **1290 Avenue of the Americas** **Attnn: Elizabeth Goldberg, Esq.** **New York, NY 10104** | Line  **2.1** | |
| **Mark A. Berman, Esq.** **Ganfer & Shore LLP** **360 Lexington Avenue** **New York, NY 10017** | Line  **2.1** | |

---

Debtor    **Royal Blue Realty Holdings, Inc.**
          Name

Case number (*if known*) _____

**McCabe, Weisberg & Conway, P.C.**
**1 Huntiongton Quadrangle**
**Suite 3C20**
**Attn: Jamie C. Krapf, Esq.**
**Melville, NY 11747**

Line __2.1__

# SCHEDULE III

## SUMMARY OF ASSETS AND LIABILITIES

### SEE ATTACHED

**Royal Blue Realty Holdings Inc.**
## Balance Sheet
04/26/21
**Cash Basis**
### As of March 31, 2021

| | Mar 31, 21 |
|---|---:|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 1-Morgan Stanley,  acct.82311 | 23,383 |
| MS = Debit Card account | 386 |
| **Total Checking/Savings** | 23,769 |
| **Other Current Assets** | |
| Due from Comm-U, Net Lessee | 12,139 |
| Marketable Securities | 50,652 |
| **Total Other Current Assets** | 62,791 |
| **Total Current Assets** | 86,560 |
| **Fixed Assets** | |
| 162-174 Christopher St.Building | 5,536,450 |
| Building, Accum. Depreciation | -3,905,580 |
| **Closing costs** | |
| Less -Accum. Amortiz. | -88,990 |
| Closing costs - Other | 88,990 |
| **Total Closing costs** | 0 |
| Land, Christopher Bldg. | 115,000 |
| **Total Fixed Assets** | 1,745,870 |
| **TOTAL ASSETS** | 1,832,430 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Other Current Liabilities** | |
| Payroll Liabilities | 2,086 |
| **Total Other Current Liabilities** | 2,086 |
| **Total Current Liabilities** | 2,086 |
| **Long Term Liabilities** | |
| Mortgage | 11,024,064 |
| SBA Loan | 37,900 |
| UMB - SBA  PPP Loan | 12,745 |
| **Total Long Term Liabilities** | 11,074,709 |
| **Total Liabilities** | 11,076,795 |
| **Equity** | |
| Capital Stock | 100,000 |
| Retained Earnings | -9,198,647 |
| Net Income | -145,718 |
| **Total Equity** | -9,244,366 |
| **TOTAL LIABILITIES & EQUITY** | 1,832,430 |

# SCHEDULE IV

## SCHEDULE OF ESTIMATED INCOME AND EXPENSES

## SEE ATTACHED

Royal Blue Realty Holdings, Inc.

Cash Basis

**Projected**

# Profit & Loss

### May through July 2021

| | May - Jul 21 | To be reimbursed by Net Lessee | After reimbursement |
|---|---:|---:|---:|
| **Ordinary Income/Expense** | | | |
| **Income** | | | |
| Net lease/Land lease income | 19,500 | | 19,500 |
| **Total Income** | 19,500 | | 19,500 |
| **Expense** | | | |
| Apt. Remodel./Renovation costs | 5,900 | (5,900) | 0 |
| Bank Service Charges | 50 | | 50 |
| Bookkeeping & Accounting fees | 4,200 | | 4,200 |
| Common charges & Assessm. | 10,925 | (10,925) | 0 |
| Insurance Expense | 6,700 | (6,700) | 0 |
| Office Supplies & expenses | 2,400 | | 2,400 |
| Payroll Expenses | 14,500 | (14,500) | 0 |
| Property Taxes | 40,800 | (40,800) | 0 |
| Repairs & maintenance | 6,000 | (6,000) | 0 |
| Transportation expenses | 350 | | 350 |
| Utilities | 500 | (500) | 0 |
| **Total Expense** | 37,025 | (85,325) | 7,000 |
| **Net Ordinary Income** | (17,525) | | 12,500 |
| **Other Income/Expense** | | | |
| **Other Income** | | | |
| Interest income | 4 | | 4 |
| **Total Other Income** | 4 | | 4 |
| **Net Other Income** | 4 | | 4 |
| **Net Income** | (17,521) | | 12,504 |

**Royal Blue - Schedule of Rents per Apartment**
**Collected by Net Lessee**

| APT. No. | Monthly | | Amount Quarterly | | Expected 5/1 to 7/31/21 | |
|---|---|---|---|---|---|---|
| TH1 | 5,615.38 | X3 | $ | 16,846.14 | $ - | Was prepaid thru 2/28/22 |
| TH2 | 3,300.00 | X3 | $ | 9,900.00 | ? | Was prepaid thru 6/30/21 |
| TH3 | 3,780.00 | X3 | $ | 11,340.00 | $ 11,340 | |
| TH4 | 3,350.00 | X3 | $ | 10,050.00 | $ 10,050 | |
| TH5 | 4,400.00 | X3 | $ | 13,200.00 | $ 13,200 | |
| TH6/164 | 5,800.00 | X3 | $ | 17,400.00 | $ 17,400 | |
| TH7 | 6,000.00 | X3 | $ | 18,000.00 | ? | Not paying |
| 166 | 5,470.00 | X3 | $ | 16,410.00 | $ 16,410 | |
| 168 | 4,582.00 | X3 | $ | 13,746.00 | $ 13,746 | |
| 170 | 5,615.39 | X3 | $ | 16,846.17 | $ - | Was prepaid thru 2/28/22 |
| 172 | 5,600.00 | X3 | $ | 16,800.00 | $ 16,800 | |
| 174 | 5,015.00 | X3 | $ | 15,045.00 | $ 15,045 | |
| | 58,527.77 | | $ | 175,583.31 | $ 113,991 | |

Actual to be collected

**Expenses Paid by Net Lessee**

| | |
|---|---|
| Apt. Remodel./Renovation costs | 5,900 |
| Bank Service Charges | 150 |
| Bookkeeping & Accounting fees | 4,200 |
| Common charges & Assessm. | 10,925 |
| Insurance Expense | 6,700 |
| Leasing commissions | 9,000 |
| Licenses & Permits | 2,340 |
| Management fees | 22,500 |
| Net Lease payments | 19,500 |
| Office Supplies & expenses | 450 |
| Property Taxes | 40,800 |
| Repairs & maintenance | 20,500 |
| Transportation expenses | 250 |
| Utilities | 700 |
| Total Expense | 103,115 |
| Net Ordinary Income | 10,876 |
| Other Income/Expense | |
| Other Income | |
| Interest income | 5 |
| Total Other Income | 5 |
| Net Other Income | 5 |
| Net Income | 10,881 |